UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SHORT,

        Plaintiff,                      CIVIL ACTION NO. 09-CV-12323-DT

vs.

                                  DISTRICT JUDGE PATRICK J. DUGGAN

SHERIFF DAN HINES, SGT.         MAGISTRATE JUDGE MONA K. MAJZOUB
WALKER, LT. CARMONEY,
JOHN DOE OFFICERS; and JOHN
DOE MEDICAL STAFF AND
DOCTORS,

        Defendants.
_____/

### REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** Plaintiff's claims for declaratory and injunctive relief should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A because they fail to state claims upon which relief may be granted. Plaintiff's claims for damages should proceed.

**II.**     **REPORT:**

This matter comes before the Court on the Court's duty to screen complaints filed in civil actions in which a prisoner seeks redress from an employee of a governmental entity. 28 U.S.C. § 1915A. All pretrial matters have been referred to the undersigned for decision. (Docket no. 11). This matter is now ready for screening pursuant to 28 U.S.C. § 1915A.

Plaintiff is currently incarcerated at the Florence Crane Correctional Facility located in Coldwater, Michigan. (Docket no. 9). On June 16, 2009, Plaintiff filed a *pro se* civil rights action

for declaratory and injunctive relief and monetary damages pursuant to 42 U.S.C. § 1983 and state law. Plaintiff's Complaint asserts violations of the Eighth and Fourteenth Amendment for alleged treatment he received as a pretrial detainee.[1] Plaintiff contends that while he was detained at Jackson County Sheriff's Department and Jackson County Jail from November 21, 2008 to April 7, 2009, he was placed in a holding cell for thirty-two hours, transferred to a stringent lockdown facility without cause, threatened physically, his prescription medications were confiscated, he was denied medical treatment and medication for back pain, he endured inadequate outdoor recreation, and he was forced to sleep on a dry rotted and insufficient mattress. Plaintiff also contends that there was no grievance system in place at Jackson County Sheriff's Department. Plaintiff sues officers and staff in their individual capacities who were employed with the Jackson County Sheriff's Department and Jackson County Jail while he was detained.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the court must undertake sua sponte review and dismiss the complaint, or any portion thereof, if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous and subject to dismissal under § 1915A(b) if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff is no longer incarcerated at either the Jackson County Sheriff's Department or the Jackson County Jail, therefore his claims for declaratory and injunctive relief are moot. *Dellis v.*

---

[1] The Eighth Amendment does not apply to pretrial detainees. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005); *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006). Plaintiff's Eighth Amendment claims should therefore be interpreted under the Fourteenth Amendment.

*Corr. Corp. of Am.*, 257 F.3d 508, 510 n. 1 (6th Cir.2001); *Wilson v. Yaklich,* 148 F.3d 596, 601 (6th Cir.1998); *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996).  Accordingly, Plaintiff's claims for declaratory and injunctive relief should be dismissed.  Plaintiff's action should proceed against Defendants on the claims for monetary damages.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 23, 2009        s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon William Short and Counsel of Record on this date.

Dated: December 23, 2009        s/ Lisa C. Bartlett
                                        Case Manager