UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SHORT,

        Plaintiff,                      CIVIL ACTION NO. 09-CV-12323-DT

vs.

                                           DISTRICT JUDGE PATRICK J. DUGGAN

SHERIFF DAN HINES, SGT.         MAGISTRATE JUDGE MONA K. MAJZOUB
WALKER, LT. CARMONEY,
JOHN DOE OFFICERS; and JOHN
DOE MEDICAL STAFF AND
DOCTORS,

        Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT (DOCKET NO. 9) AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 16)**

This matter comes before the Court on two motions. The first is Plaintiff's Motion to Amend Complaint filed on October 8, 2009. (Docket no. 9). The second is Plaintiff's Motion to Compel Discovery filed on December 10, 2009. (Docket no. 16). Defendants Hines[1], Walker, and Carmoney responded to the motions. (Docket nos. 13, 17). The other Defendants have not been served. The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(e). The motions and all pretrial matters have been referred to the undersigned for decision. (Docket nos. 10, 11). These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

**1. Motion to Amend Complaint**

---

[1] Defendants refer to Sheriff Dan Hines as Defendant Hines and Defendant Heyns. The Court will refer to the Defendant as Defendant Hines.

1

This is a *pro se* civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983 and state law, alleging violations of the Eighth and Fourteenth Amendment based on events which transpired while Plaintiff was a pretrial detainee. (Docket no. 1). Plaintiff filed his original Complaint on June 16, 2009, alleging that while detained at Jackson County Sheriff's Department and Jackson County Jail from November 21, 2008 to April 7, 2009, he was placed in a holding cell for thirty-two hours, transferred to a stringent lockdown facility without cause, threatened physically, his prescription medications were confiscated, he was denied medical treatment and medication for back pain, he endured inadequate outdoor recreation, and he was forced to sleep on a dry rotted and insufficient mattress. Plaintiff also contends that there was no grievance system in place at Jackson County Sheriff's Department. Defendants Hines, Walker, and Carmoney filed an Answer to the Complaint on August 3, 2009. (Docket no. 6).

In the instant motion, Plaintiff seeks to amend the original Complaint to add the names of the John Doe and Jane Doe Defendants and to add Coordinated Care, PLLC as a Defendant. (Docket no. 9). Defendants Hines, Walker, and Carmoney do not object to the proposed amendment. (Docket no. 13). Federal Rule of Civil Procedure 15(a)(2) states that if more than twenty-one days have elapsed after a responsive pleading is filed, a complaint may be amended only with the opposing party's written consent or the court's leave. "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).

The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and recommended that the claims of declaratory and injunctive relief be dismissed for failure to state a claim upon which relief can be granted. (Docket no. 18). The Court will therefore deny Plaintiff's Motion to

Amend the Complaint as it relates to the claims for declaratory and injunctive relief. The Court will grant Plaintiff's Motion to Amend the Complaint as it relates to damages.

**2. Motion to Compel Discovery**

Plaintiff served discovery requests upon counsel for Defendants Hines, Walker, and Carmoney on August 13, 2009. (Docket no. 17). Defendants Hines, Walker, and Carmoney served Plaintiff their responses and objections to the discovery requests on September 16 and 17, 2009. (Docket no. 17). On December 10, 2009 Plaintiff filed a Motion to Compel Discovery. In his motion, Plaintiff seeks an order compelling Defendants Hines, Walker, and Carmoney to produce documents responsive to the discovery requests and more fully respond to interrogatory no. 9. (Docket no. 16).

Plaintiff's discovery requests nos. 3, 4, 5, and 6 ask for job descriptions related to various staff functions at the Jackson County Sheriff's Department and Jackson County Jail. Requests nos. 7, 8, 13, 15, and 23 seek policies and procedures. Requests nos. 10, 12, 14 and 15 seek sample grievances filed over the past twenty four months, library sign-up forms, receipts showing mattress purchases, and documents showing dates prisoners were allowed outdoor recreation at the Jackson County Jail. Requests nos. 17, 18, and 22 seek information related to Plaintiff's booking at Jackson County Sheriff's Department, and documents related to bunk details for Plaintiff. Requests nos. 16, 20, 21, and 24 ask for documents related to the Plaintiff's medical care and treatment. Requests nos. 19 and 25 ask for documents related to requests for medical attention reported to any staff member from November 21, 2008 to April 7, 2009, and documents authorizing nurses to withhold inmate medications. Finally, Interrogatory no. 9 seeks the name of the person who coordinates the grievance system.

Defendants objected to the requests on various grounds. Notwithstanding their objections, Defendants produced copies of jail records, jail orders, medical records, and documents from the Standards for Health Services Manual in response to Requests nos. 3, 4, 5, 6, 7, 8, 9, 12, 13, 17, 18, 19, 22, and 23. In response to Requests nos. 14, 15, 16, 20, 21, 24, and 25, Defendants answered the interrogatory portion of the request and directed the Plaintiff to the appropriate entity which may have responsive documents. Defendants objected to Requests nos. 6 and 10 on the grounds that the requests are overbroad and unduly burdensome, and that Request no. 10 would elicit information that would violate the privacy interests of others. The Court finds that the Defendants' responses to Requests nos. 3-9 and 12-25 and their objections to Requests nos. 6 and 10 are appropriate.

Federal Rule of Civil Procedure 34 states that a party may serve on another party a request to produce and permit the requesting party to inspect, copy, test, or sample the requested materials, so long as the requested materials are within the party's "possession, custody or control." Fed.R.Civ.P. 34(a)(1). The Court is not persuaded that Defendants Hines, Walker, and Carmoney have withheld information or that they have additional responsive documents within their possession, custody or control that are relevant to the claims for damages. The Court will therefore deny Plaintiff's Motion to Compel without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint is **GRANTED in part and DENIED in part**. The Plaintiff may amend his Complaint as it relates to the claims for damages to provide the names of John Doe and Jane Doe Defendants and to add Coordinated Care PLLC as a Defendant. In all other respects, Plaintiff's Motion to Amend Complaint is **DENIED.**

**IT IS FURTHER ORDERED** that discovery is due by January 31, 2010.  The dispositive motion cut-off is set for February 12, 2010.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery is **DENIED** without prejudice.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: December 23, 2009          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon William Short and Counsel of Record on this date.

Dated: December 23, 2009          s/ Lisa C. Bartlett
                                  Case Manager