UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SHORT,

       Plaintiff,                    CIVIL ACTION NO. 09-CV-12323

vs.

                                   DISTRICT JUDGE PATRICK J. DUGGAN

**SHERIFF DAN HINES, SGT.**        MAGISTRATE JUDGE MONA K. MAJZOUB
**WALKER, LT. CARMONEY,**
**JOHN DOE OFFICERS; and JOHN**
**DOE MEDICAL STAFF AND**
**DOCTORS,**

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that Defendant Carrie Dashner's [sic Dash's] Motion to Dismiss and/or for Summary Judgment (docket no. 31) be **GRANTED** and Defendant Dashner be dismissed from this lawsuit.

**II.**     **REPORT:**

This matter comes before the Court on Defendant Carrie Dashner's Motion to Dismiss and/or for Summary Judgment. (Docket no. 31). The motion is fully briefed. All pretrial matters have been referred to the undersigned for decision. (Docket no. 11). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    **A.**     **Facts**

1

Plaintiff is currently incarcerated at the Florence Crane Correctional Facility located in Coldwater, Michigan. In his Amended Complaint, Plaintiff alleges deprivations of his due process rights under the Fourteenth Amendment, deliberate indifference to his medical needs in violation of the Eighth Amendment, and violations of state law associated with treatment he received as a pretrial detainee at the Jackson County Sheriff's Department and Chanter Road Facility. (Docket no. 20). Defendant is a limited licensed psychologist who performed mental health screens on Plaintiff on two separate occasions.

Plaintiff states that he was arrested by a Jackson County police officer on November 20, 2008 and detained for thirty-two hours in a holding cell before being transferred to Chanter Road Facility in Jackson County, Michigan. (Docket no. 20). While at the Chanter Road Facility, Plaintiff claims he wrote medical requests related to depression. (Docket no. 20, ¶ 22). He states that he was called out to speak to Defendant Dashner who told Plaintiff "not to speak to turnkeys or any medical staff about my depression because if I did I would be stripped naked and forced to wear a 'Turtle Suit' and be placed back in the incoming tank with other inmates where I would have to sleep on the concrete floor." (Docket no. 20, ¶ 23). Plaintiff further claims that he was denied medication which was prescribed by his V.A. medical team. (Docket no. 20, ¶ 24, 31).

Plaintiff states that Defendant Dashner failed to provide him with treatment for depression in violation of his Eighth Amendment rights. (Docket no. 20, ¶ 33). Additionally, he claims that Defendant Dashner's actions in denying him his medical needs constitutes neglect and "could be considered intentional infliction of emotional distress." (Docket no. 20, ¶ 32).

**B. Governing Law**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

2

claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C. Analysis**

**1. Deliberate Indifference**

Defendant Dashner argues that Plaintiff has failed to plead and can not establish the subjective and objective components of a ¶ 1983 claim against her. Plaintiff's Amended Complaint indicates that he was a pretrial detainee at the time of his alleged constitutional harms. As a pretrial detainee Plaintiff's claims are analyzed under the Fourteenth Amendment, not the Eighth Amendment. The Due Process Clause of the Fourteenth Amendment guarantees pretrial detainees

3

the same Eighth Amendment protections as convicted inmates. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005). A prison official exhibits deliberate indifference by intentionally denying or delaying access to medical care. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Plaintiff alleges that he wrote medical requests and complained about depression. He states that he spoke to mental health worker Defendant Dashner. He further states that all Defendants failed to provide him with necessary medication and treatment for depression, among other things. The Court finds that Plaintiff's allegations are sufficient to put Defendant Dashner on notice of his claim of deliberate indifference to his allegedly serious medical need of depression.

In order to satisfy the objective component of a § 1983 claim Plaintiff must demonstrate the existence of a sufficiently serious medical need. A serious medical need is one that has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Blackmore v. Kalamazoo County,* 390 F.3d 890, 897 (6th Cir. 2004) (quotation marks and citations omitted). To satisfy the subjective component of his claim Plaintiff must show that Defendant Dashner possessed a sufficiently culpable state of mind in denying medical care. *Id*. at 895.

The record shows that Defendant Dashner conducted a mental health evaluation on Plaintiff on November 25, 2008 and December 21, 2008. (Docket no. 31, Ex. 2; Docket no. 37). During the November 25, 2008 evaluation Plaintiff was diagnosed with depressive disorder. (Docket no. 31, Ex. 2). He denied having suicidal ideations, intent, or plan, and no signs of such were detected by Defendant Dashner. The medical record shows that Plaintiff had received mental health services through the V.A. for approximately one year and he had a history of suicidal behavior. (Docket no. 31, Ex. 2). Defendant Dashner noted that Plaintiff had been taking an anti-depressant which he

4

could not receive at the Chanter Road Facility. She asked the Plaintiff to obtain a release with the nurse to get his medical records from the V.A., and noted that Plaintiff was not interested in seeing the doctor for medications. Defendant Dashner provided Plaintiff with supportive counseling and coping strategies.

On December 7, 2008 Plaintiff was seen by jail medical staff where he requested an appointment with Community Mental Health. The medical record shows that he was alert and had no intent to harm himself or others. (Docket no. 37, Ex. 3).

On December 21, 2008 Defendant Dashner conducted a second mental health evaluation on Plaintiff. (Docket no. 37, Ex. 3). The medical record shows that during this evaluation Plaintiff initially presented as depressed but became increasingly more upset and demanded to be put back on his medications from the V.A. Defendant Dashner noted that Plaintiff was angry because he could not get his anti-depressant medication. She recommended that Plaintiff see the doctor to discuss his anti-depressant medication but Plaintiff refused. (Docket no. 37, Ex. 3). Jail medical staff were informed that Plaintiff was "bullying" Defendant Dashner for his medications. (Docket no. 37, Ex. 3).

On December 30, 2008 Plaintiff requested another appointment with Community Mental Health. It was noted that Plaintiff was alert and had no intent to harm himself or others. Plaintiff was placed on the Community Mental Health List. He was given trazodone, an anti-depressant, at bedtime. (Docket no. 37, Ex. 3). On January 2, 2009 Plaintiff was seen by jail medical staff related to his request to discontinue his anti-depressant trazodone. During this visit Plaintiff was in no acute distress. His anti-depressant medication was stopped against medical advice. (Docket no. 37, Ex. 3).

5

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. Plaintiff states that he suffers from severe chronic depression. (Docket no. 36). The medical record shows that Plaintiff was diagnosed with depression, has a history of suicidal behavior, and was not taking his anti-depressant medication. The record further shows that at the time Plaintiff was evaluated by Defendant Dashner he was not exhibiting suicidal thoughts or tendencies and he was in no acute distress. For purposes of this motion only, the Court will assume that Plaintiff has demonstrated that he suffered from an objectively serious medical need of depression.

Plaintiff argues that Defendant Dashner told Plaintiff not to speak to turnkeys or any medical staff about his depression because if he did he would be stripped naked and forced to wear a 'Turtle Suit' and be made to sleep on the concrete floor. (Docket no. 20, ¶ 23). Plaintiff also claims that Defendant Dashner acted unprofessionally by yelling at him at a time when he was trying hard to get help for his depression. (Docket no. 36). Plaintiff further contends that Defendant Dashner did nothing to try to help him and should have ordered Plaintiff to be moved to a mental hospital where he could have received the medication he needed. (Docket no. 36).

The medical record demonstrates that Defendant Dashner did not act with deliberate indifference to Plaintiff's serious medical need of depression. Plaintiff was aware that Defendant Dashner could not prescribe medication. The record shows that she encouraged Plaintiff to speak with the doctor and jail medical staff about his medications, but that Plaintiff repeatedly refused to do so and then took himself off of his anti-depressant against medical advice.

Based on the record, Defendant Dashner provided appropriate medical care for Plaintiff's complaints of depression. Plaintiff's difference of opinion regarding his diagnosis or medical

treatment does not rise to the level of a constitutional violation. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). Defendant Dashner is entitled to summary judgment on Plaintiff's § 1983 claim.

### 2. Neglect

Plaintiff alleges that Defendant Dashner's actions in denying his medical needs "constitutes a tort of neglect." (Docket no. 20, ¶ 32). Insofar as Plaintiff has asserted a state law claim of medical malpractice, his claim should be dismissed without prejudice for failure to file an affidavit of merit with his Complaint.

### 3. Intentional Infliction of Emotional Distress

To establish a claim of intentional infliction of emotional distress, a plaintiff must show: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress. *Lewis v. LeGrow*, 670 N.W.2d 675, 689 (Mich. Ct. App. 2003). Based on the record before it, this Court concludes that no reasonable juror could find that Defendant Dashner intentionally inflicted emotional distress on Plaintiff. Accordingly, Plaintiff's claim of intentional infliction of emotional distress should be dismissed.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 24, 2010            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon William Short and Counsel of Record on this date.

Dated: June 24, 2010            s/ Lisa C. Bartlett
                                Case Manager