UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SHORT,

    Plaintiff,

v.

SHERIFF DAN HINES, SGT. WALKER,
LT. CARMONEY, JOHN DOE OFFICERS,
COORDINATED CARE PLLC, OFFICER
WICKHAM, OFFICER BRITTIN, OFFICER
WELTER, OFFICER KELLENBERGER,
RHONDA SCHULTZ, NANCY YIRKU,
JACKIE COX, MICHAEL BURGESS, and
CARRIE DASH,

    Defendants.
_____/

Case No. 09-12323
Honorable Patrick J. Duggan

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE MAJZOUB'S
JUNE 24, 2010, REPORT AND RECOMMENDATION AND DISMISSING
DISMISSING DEFENDANT DASH**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 17, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

Plaintiff William Short ("Plaintiff"), a Michigan state prisoner, filed this *pro se* action pursuant to 42 U.S.C. § 1983 against Defendants on June 16, 2009. Plaintiff later filed an amended complaint naming a number of defendants, including Defendant Dashner,[1] that had previously been identified only as John Does. On October 15, 2009,

---

[1] Defendant Dashner is mistakenly named as Carrie "Dash" in the amended complaint.

this Court entered an order referring all pretrial matters to Magistrate Judge Mona K. Majzoub.  On February 3, 2010, Defendant Dashner filed a motion to dismiss and/or for summary judgment.

On June 24, 2010, Magistrate Judge Majzoub issued a Report and Recommendation (R&R) recommending that this Court grant Defendant Dashner's motion and dismiss her from the lawsuit.  (R&R at 1.)  Magistrate Judge Majzoub specifically recommends that Plaintiff's deliberate indifference and intentional infliction of emotional distress claims against Defendant Dashner be dismissed with prejudice.  (*Id.* at 7.)  Meanwhile, Magistrate Judge Majzoub recommends that Plaintiff's medical malpractice claim against Defendant Dashner be dismissed without prejudice based on Plaintiff's failure to file an affidavit of merit with his complaint.  (*Id.*)

At the conclusion of her R&R, Magistrate Judge Majzoub advises the parties that they have fourteen days from service of the R&R to file any objections thereto.  (*Id.*)  Magistrate Judge Majzoub further advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal."  (*Id.* (citing *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).)  No party has filed objections to the R&R.  This Court has carefully reviewed the R&R and concurs with Magistrate Judge Majzoub's conclusions.

Accordingly,

**IT IS ORDERED** that Defendant Dashner's motion is **GRANTED** such that the deliberate indifference and intentional infliction of emotional distress claims are

dismissed with prejudice while the medical malpractice claim is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant Dashner is **DISMISSED** from this action.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
William Short, #195405
Florence Crane Correctional Facility
38 Fourth Street
Coldwater, MI  49036

Jason D. Kolkema, Esq.
Patrick A. Aseltyne, Esq.
Clyde M. Metzger, Esq.
Judith A. Sherman, Esq.
Saulius D. Polteraitis, Esq.
Loretta B. Subhi, Esq.