UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SHORT,

       Plaintiff,                 CIVIL ACTION NO. 09-CV-12323

vs.

                                 DISTRICT JUDGE PATRICK J. DUGGAN

SHERIFF DAN HINES, SGT.       MAGISTRATE JUDGE MONA K. MAJZOUB
WALKER, LT. CARMONEY,
OFFICER WICKHAM, OFFICER
BRITTIN, OFFICER WELTER, OFFICER
KELLENBERGER, RHONDA SCHULTZ,
NANCY YIRKU, JACKIE COX, MICHAEL
BURGESS, COORDINATED CARE PLLC,
and JOHN DOE,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** This Court recommends that the Motion for Dismissal and Summary Judgment filed by Defendants Sheriff Dan Heyns,[1] Sgt. Walker, Lt. Carmoney, Wickham, Brittin and Kellenberger (docket no. 43) be **GRANTED**, and the Cross Motion for Summary Judgment filed by Plaintiff (docket no. 47) be **DENIED**. The Court further recommends that Plaintiff's claims against the remaining John Doe Defendant be **DISMISSED** pursuant to 28 U.S.C. § 1915A and Federal Rule of Civil Procedure 4(m).

---

[1] Although the Amended Complaint and case caption identify the Sheriff as "Dan Hines," the Defendants identify the Sheriff as "Dan Heyns." The Court will use the correct spelling of "Dan Heyns" when referring to this Defendant.

1

**II.      REPORT:**

These matters come before the Court on the Motion for Dismissal and Summary Judgment filed by Defendants Sheriff Dan Heyns, Sgt. Walker, Lt. Carmoney, Wickham, Brittin and Kellenberger. (Docket no. 43). Plaintiff has not responded to the motion but filed a Motion for Summary Judgment himself. (Docket no. 47). Defendants responded to Plaintiff's motion. (Docket no. 48). The Court has also reviewed Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A which mandates judicial screening of prisoner complaints. All pretrial matters have been referred to the undersigned for decision. (Docket no. 11). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.      Facts and Procedural History**

Plaintiff, a Michigan state prisoner currently incarcerated at the Florence Crane Correctional Facility in Coldwater, Michigan, filed this *pro se* action alleging violations of his Eighth and Fourteenth Amendment rights, assault and battery, and negligence. (Docket no. 20). The events that give rise to Plaintiff's claims occurred while Plaintiff was being detained as a parole hold at the Jackson County Sheriff's Department, Chanter Road Facility, and Wesley Street Facility. (Docket no. 43 at 17 n.5). With respect to the instant motions, Defendants are Jackson County Sheriff Dan Heyns, Sgt. Walker, Lt. Carmoney, and Jackson County Corrections Officers Wickham, Brittin, and Kellenberger. Plaintiff sues the Defendants in their individual capacities for declaratory and injunctive relief and money damages. (Docket no. 20). On January 20, 2010 the Court dismissed Plaintiff's claims for declaratory and injunctive relief, leaving only his claims for money damages. (Docket no. 21).

Plaintiff states that he was arrested by a Jackson County police officer on November 20, 2008 and detained in a holding cell for thirty-two hours before being booked and transferred to the Chanter Road Facility in Jackson County, Michigan.  (Docket no. 20).  When he arrived at the Chanter Road Facility, Plaintiff was called over to see Nurse Yirku for intake purposes.  (Docket no. 20, ¶ 13).  He states that he informed Nurse Yirku that the jail had confiscated two of his medications.  (Docket no. 20, ¶ 14; Docket no. 47 at 3).  He also states that he told Nurse Yirku that he suffers from serious back problems and he needs the medication prescribed to him by his Veteran's Administration medical doctor.  (Docket no. 20, ¶ 15).  According to the Plaintiff, Nurse Yirku refused to provide him with his Baclofen pain medication claiming that it was on the list of banned medications.  (Docket no. 20, ¶¶ 16-17; Docket no. 47 at 4).

Plaintiff alleges that Defendant Carmoney pulled him aside in the chow hall and told him that "you need your ass kicked for suing us in 2005.  But I have something better in store for you." (Docket no. 20, ¶ 18).  According to the Plaintiff, the very next day he was transferred to the Wesley Street Facility, a maximum security county jail.  (Docket no. 20, ¶ 19; Docket no. 43 at 16-17). Plaintiff claims that while he was held at the Wesley Street Facility he did not receive any outdoor recreation for over ninety days.  (Docket no. 20, ¶ 19).  He also claims that when he asked Defendant Brittin why he was transferred, Defendant Brittin told him to "go fuck yourself."  (Docket no. 20, ¶ 20).  When Plaintiff asked Defendant Brittin to get Defendant Walker so that he could complain about his treatment, Defendant Brittin allegedly replied "Bitch, you don't have anything coming from us."  (Docket no. 20, ¶ 21).

Plaintiff claims that he wrote medical requests and placed them on his cell bars for Defendants Brittin, Wickham, and Kellenberger to take down to the nurse, but that he himself was

3

never taken to see the nurse or the doctor. (Docket no. 20, ¶ 22; Docket no. 47 at 4-5). He claims that he informed Defendants Brittin, Wickham, and Kellenberger that he suffers from back pain and depression. (Docket no. 20, ¶ 22). He further claims that Defendants Wickham, Brittin, and Kellenberger are responsible for dispensing medications but never provided Plaintiff with Vicodin for pain or Gabapentin for his mental disorder. (Docket no. 20, ¶ 30). Plaintiff states that he did not receive his blood pressure medication until four days after he arrived at the Chanter Road Facility, and only after his family brought his medication to the jail. (Docket no. 47 at 2, 4).

Plaintiff complains that during the course of his detention he was denied medical treatment and physical therapy for his back pain; denied his prescription medications; kept inside the jail facility for over ninety days without outside recreation which deprived him of natural sunlight and vitamin D; denied access to a law library or to information requested in order to prepare for trial; forced to sleep on a mattress that was nothing more than a piece of foam rubber which aggravated his back problems; and denied access to grievance forms. (Docket no. 20, ¶¶ 24-28).

**B. Governing Law**

Defendants move for an order dismissing Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). To survive a Rule 12(b)(6) motion to dismiss " 'the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery

4

under some viable legal theory.' " *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir.2008) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005)).  The complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level;' they must 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, 570 (2007)).

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case.  *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir.2000).  Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial.  *Id.*  In determining whether there are issues of fact for trial, the inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

28 U.S.C. § 1915A requires district courts to screen, "as soon as is practicable after docketing," a prisoner's civil complaint against officers or employees of a governmental entity, and dismiss any portion of the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1).

**C. Analysis**

5

**1.    Denial of Medical Care**

Plaintiff alleges that the Defendants violated his Eighth Amendment rights when they refused to provide Plaintiff with his prescription medications and treatment for his back injury and depression. (Docket no. 20, ¶¶ 31, 33).  Plaintiff also argues in his Motion for Summary Judgment that the Defendants violated his Eighth Amendment rights by failing to follow their own policies concerning continuity of care, and by failing to insure that all medical staff under contract with the jail followed jail policies.  (Docket no. 47 at 1).

In order to establish a claim under 42 U.S.C. § 1983, a plaintiff must show that a right secured by the Constitution or a federal law has been violated, and that the violation was caused by a person acting under color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).  Plaintiff asserts a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  A claim of an Eighth Amendment violation by a prison official's deliberate indifference requires proof of both an objective and subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective component, Plaintiff must demonstrate the existence of a sufficiently serious medical need.  To establish the subjective component Plaintiff  must show that the Defendants possessed "a sufficiently culpable state of mind" in denying medical care.  *Id*. at 895 (citation omitted).

"[P]rison officials who have been alerted to a prisoner's serious medical needs are under an obligation to offer medical care to such a prisoner." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir.2001) (citations omitted).  With respect to prison guards, the Supreme Court has held that deliberate indifference may be manifested by "intentionally denying or delaying access to medical

6

care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Liability under 42 U.S.C. § 1983 cannot be premised solely upon a theory of respondeat superior or vicarious liability. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). Instead, Plaintiff must show that the Defendants were personally involved in, or otherwise authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct. *Id*.

Plaintiff argues that he was being treated by the Veterans Administration ("V.A.") Medical Center for suicidal thoughts, major long term depression, bipolar disorder, and back pain. (Docket no. 47 at 18). Defendants concede for purposes of these motions only that Plaintiff has established the objective component of his claim. They argue, however, that the Plaintiff cannot demonstrate the requisite subjective component. (Docket no. 43 at 13).

*Defendant Heyns, Carmoney, and Walker*

With respect to Defendants Sheriff Heyns, Lt. Carmoney, and Sgt. Walker, Plaintiff has failed to allege or provide evidence to show that these Defendants participated in, or otherwise encouraged, authorized, or acquiesced in unconstitutional conduct. In fact Plaintiff's Amended Complaint does not contain any factual allegations concerning actions Defendant Heyns, Carmoney, and Walker took related to the Plaintiff's medical care and treatment.

In his Motion for Summary Judgment Plaintiff argues that he believes that Defendant Heyns has policies in place that he does not enforce. (Docket no. 47 at 12). He also implies that the Defendants should have been aware of a serious risk to his health because he informed the booking officer of his medical needs and he was never seen by the jail doctor. (Docket no. 47 at 10-11).

Plaintiff's arguments fall far short of creating a genuine issue of fact for trial on his Eighth Amendment deliberate indifference claim.  Because Plaintiff has failed to allege or provide proof to establish personal involvement on the part of Defendant Heyns, Carmoney, and Walker, they are not subject to individual liability under 42 U.S.C. § 1983.  Accordingly, Defendants Heyns, Walker, and Carmoney are entitled to dismissal of Plaintiff's individual capacity claims related to Plaintiff's medical care and treatment.

### *Defendants Wickham, Brittin, and Kellenberger*

Next, Plaintiff alleges that he wrote several medical requests and placed them on the bars for Defendants Wickham, Brittin, and Kellenberger to take down to the nurse, but that he himself was never taken to see the nurse or doctor even after he complained of back pain and depression. (Docket no. 20, ¶ 22; Docket 47 at 4-5).  Plaintiff also alleges that Defendants Wickham, Brittin, and Kellenberger are responsible for handing out medications at certain times of the day, but that they never had Plaintiff's prescription for Vicodin and Gabapentin, and claimed that it was because the doctor had not instructed them to provide these medications to the Plaintiff.  (Docket no. 20, ¶ 30; Docket no. 47 at 16).  Finally, Plaintiff makes vague accusations that these Defendants failed to provide him with blank medical request forms when asked to do so.  (Docket no. 47 at 16 and Plaintiff's Affidavit at 9, 11).

The evidentiary record shows that health care services at the Jackson County Jail are provided by Coordinated Care, PLLC.  (Docket no. 43, Ex. 2).  Jackson County Jail policy J-02 provides that "[m]atters of medical and dental judgment are the sole province of the responsible physician and dentist respectively."  (Docket no. 43, Ex. 3).  Inmates seeking non-emergency medical treatment are required to fill out a request slip and give it to the security officer, who then

attaches the slip to the clinic door or hands it directly to the nurse. (Docket no. 43, Ex. 3 policy J-34). Policy also dictates that the inmate's medical record is maintained in the medical clinic which is solely accessible to the medical staff. (Docket no. 43, Ex. 3 policy J-59). The medical staff are permitted to share only limited medical information regarding the inmate's status, and then only as it relates to the inmate's treatment plan or provides needed educational information. (Docket no. 43, Ex. 3 policy J-60).

Plaintiff alleges that he was seen by a nurse for intake screening upon arrival at the Chanter Road Facility, that he informed the nurse of his medical problems and prescriptions, and that it was the nurse who denied his pain medication for his back because it was on the list of banned medications. (Docket no. 20, ¶¶ 13-15, 17; Docket no. 47 at 4). In keeping with jail policy, matters of medical judgment are within the sole province of the medical staff. Plaintiff has not shown that the Defendants were personally involved in the alleged denial of his medical care. Furthermore, despite the fact that Plaintiff claims that he was not provided with medical request forms, the evidentiary record shows that Healthcare received numerous kites during the time Plaintiff was incarcerated in the Jackson County Jail facilities. (Docket no. 43, Ex. 4). Plaintiff has not offered evidence to show that Defendants Wickham, Brittin, or Kellenberger denied or delayed access to medical care or intentionally interfered with the Plaintiff's medical treatment plan. Plaintiff has also failed to demonstrate that these Defendants actually perceived that the Plaintiff was at a substantial risk of sustaining serious harm.

Accordingly, Defendants Wickham, Brittin, and Kellenberger are entitled to dismissal of Plaintiff's individual capacity claims related to Plaintiff's medical care and treatment.

**2.     Confinement and Outside Recreation**

Plaintiff alleges that he was detained for thirty-two hours before being booked, he was forced to sleep on a dry-rotted mattress that was nothing more than a one-inch piece of foam rubber, and he was transferred to a facility where he was deprived of outdoor exercise for more than ninety days. Plaintiff claims that because he was deprived of outdoor exercise he did not receive any exposure to sunlight or fresh air which worsened his depression. (Docket no. 47 at 19). He also claims that the jail's exercise restrictions caused him to gain over thirty pounds of body fat and caused his muscles to weaken. (Docket no. 47 at 14).

The Eighth Amendment prohibition against cruel and unusual punishment prohibits punishments which are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted). Conditions of confinement are cruel and unusual if they violate contemporary standards of decency in a maturing society. *Id.* at 346-47. Harsh and restrictive prison conditions are part of the penalty that inmates pay for their offenses against society and do not automatically create an unconstitutional environment. *Id.* at 347.

An Eighth Amendment condition of confinement claim contains both objective and subjective components. *See Wilson v. Seiter*, 501 U.S. 294, 297-303 (1991). The objective component requires the plaintiff to plead and prove that the conditions result in the serious deprivation of basic human needs, or deprive him of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. at 347. The subjective component of a condition of confinement claim requires proof that the official was subjectively aware of the risk of harm to the inmate. *Farmer v. Brennan*, 511 U.S. 825 (1994).

Receipt of a thin mattress may denote loss of comfort but not a deprivation of the minimal civilized measure of life's necessities. Defendants show that all mattresses were new in 2003 and have been replaced on an as needed basis, with 180 mattresses being replaced in 2009 alone. (Docket no. 43, Ex. 8 no. 14). Plaintiff has not demonstrated that the condition of his mattress was so poor as to deprive him of the minimal civilized measure of life's necessities. Furthermore, with respect to his claim that he was detained for thirty-two hours before being booked, Plaintiff has not demonstrated that he was entitled to a quick booking process or that he experienced an extreme deprivation of his basic human needs while waiting to be booked.

With regard to his claim that he was deprived of outdoor exercise, "[i]t is generally recognized that a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." *Patterson v. Mintzes,* 717 F.2d 284, 289 (6th Cir.1983). The Sixth Circuit has declined to set a minimum amount of time a prisoner must have access to outdoor recreation, or formally hold that outdoor recreation is a constitutional mandate. *See Argue v. Hofmeyer*, 80 Fed.Appx. 427, 430 (6th Cir.2003) (citing *Rodgers v. Jabe,* 43 F.3d 1082, 1086-87 (6th Cir.1995)). However, the Sixth Circuit has recognized that outdoor recreation is important, and in an unpublished opinion has found that a prisoner stated a cognizable claim under the Eighth Amendment by asserting that he was denied outdoor exercise and that his exercise was limited to 30 minutes per day indoors in full restraints. *See Riddle v. Jones*, No. 90-1118, 1990 WL 145574 (6th Cir. Oct. 4, 1990).

Defendants acknowledge that the Plaintiff was transferred to a maximum security county jail facility that does not offer outdoor recreational opportunities to any of its inmates. They argue, however, that the facility does permit inmates access to an indoor recreational facility twice a week

11

and that natural light is provided in the indoor facility. (Docket no. 43, Ex. 8 no. 15). Defendants contend that the restriction on outdoor exercise is necessary in part because county jail facilities do not have the same resources or outdoor recreational facilities as do state correctional institutions. (Docket no. 43 at 17 n.6).

Plaintiff has sued Defendants Heyns, Walker, Carmoney, Wickham, Brittin and Kellenberger in their individual capacities. However, he has failed to plead or prove that these Defendants were personally involved in or actively participated in wrongfully denying Plaintiff outdoor recreational opportunities. He has also failed to show that the Defendants were subjectively aware that lack of outdoor exercise posed a substantial risk of serious harm to the Plaintiff.

Plaintiff's allegations that the jail facility operated under a policy or custom of denying outdoor recreation to its inmates does not provide a sufficient basis for imposing personal liability against these Defendants. Furthermore, even if the Court were to conclude that these Defendants violated Plaintiff's constitutional rights, the Defendants would be entitled to qualified immunity given the lack of clearly established precedent showing that inmates are entitled to outdoor recreation and exercise, particularly inmates in maximum security county jails.

Accordingly, Defendants are entitled to dismissal of Plaintiff's claims relating to confinement and lack of exercise.

**3.     Access to the Courts**

Plaintiff alleges that Defendant Walker refused to furnish him with law library materials so that he could prepare for his upcoming trial. (Docket no. 20 at 4). He also alleges that the Jackson County Sheriff's Department has no grievance system and does not provide inmates with grievance forms. (Docket no. 20, ¶ 28). The record shows that Plaintiff submitted an inmate request asking

for a copy of *People v. McCracken*, 276 N.W.2d 609 (Mich. Ct. App. 1979) and that his request was denied because "[the jail does] not supply this if you have an attorney." (Docket no. 47, Ex. 14). The record further shows that Plaintiff was represented by an attorney in his state criminal proceedings and Plaintiff has not shown otherwise. (Docket no. 43 at 20 and Ex. 9).

Prisoners have a fundamental right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). A prisoner's access to the courts must be adequate, effective and meaningful. *Id*. at 822. Adequate, effective, and meaningful access requires that prison officials provide prisoners with adequate law libraries or assistance from individuals trained in the law. *Id*. at 828; *Glover v. Johnson*, 75 F.3d 264, 267 (6th Cir.1996) (prison officials are required to provide prisoners with adequate law libraries *or* adequate assistance from a trained individual). A prisoner asserting a denial of access to courts claim must allege that he suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). To meet this requirement, a plaintiff must show that the actions of the prison official hindered the prisoner's efforts to pursue a legal claim. *Id*. at 351.

Plaintiff has not alleged or offered evidence to show that he suffered an actual injury as a result of Defendant Walker's alleged conduct. Accordingly, Plaintiff's allegation that Defendant Walker deprived him of access to the courts by refusing to provide him with a single copy of a case is without merit.

Next, Plaintiff argues that the Jackson County Sheriff's Department does not provide inmates with grievance forms because it has no grievance system. (Docket no. 20, ¶ 28). Plaintiff filed a timely Complaint in this case, and Defendants have not sought dismissal of Plaintiff's claims on the grounds that he failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a). Therefore, the Court has reviewed the merits of Plaintiff's claims without consideration of whether

13

Plaintiff filed the requisite grievances. Plaintiff has not demonstrated that his alleged inability to file a grievance caused him to be denied access to the courts. Accordingly, Plaintiff's access to the courts claim should be dismissed.

**4.     Equal Protection**

Plaintiff argues in his Motion for Summary Judgment that he was treated differently from other similarly situated inmates who received legal material on a daily basis. (Docket no. 47 at 22). Plaintiff makes no such allegation in his Amended Complaint. A complaint must contain direct or inferential allegations respecting all material elements of a claim. *Bishop v. Lucent Tech., Inc.*, 520 F.3d at 519. Plaintiff has failed to state a claim for relief under the Equal Protection Clause that is plausible on its face. Therefore, to the extent he seeks to raise an Equal Protection claim, it should be dismissed.

**5.     Due Process**

Next, Plaintiff alleges that Defendant Carmoney had him transferred to the Wesley Street Facility without reason, in violation of his rights under the Due Process Clause. (Docket no. 20 at 4). In order to establish a due process violation, Plaintiff must show that he was deprived of a protected liberty interest. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir.2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). A prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett,* 429 U.S. 78, 88

14

n.9 (1976). Because Plaintiff has not identified a protected liberty interest, his due process claim must be dismissed.

**5.     Retaliation**

Plaintiff asserts that Defendant Carmoney had him transferred to the Wesley Street Facility, a maximum security county jail, because he sued the jail in the past or because he threatened to sue the jail if he didn't get his medications. (Docket no. 20 at 4 and ¶¶ 18-19; Docket no. 47 at 19). Prison officials may not retaliate against inmates who have engaged in constitutionally protected activities or conduct. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). A retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two - that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Id*. (citations omitted). "[T]emporal proximity alone may be significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive." *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir.2004) (citation and internal quotation marks omitted).

The Court will accept for purposes of this motion that Plaintiff has met the first two elements of a retaliation claim. *See Carter v. Dolce*, 647 F.Supp.2d 826, 834 (E.D. Mich.2009) ("[T]here is little difference between retaliating against a person for filing a grievance [or lawsuit], and retaliating for threatening to file one."). Furthermore, Plaintiff alleges that he was transferred one day after he threatened to sue the jail, giving rise to an inference of retaliatory motive. Hence, Plaintiff has met his burden of establishing the third element of his claim.

"Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. . . .If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Thaddeus-X,* 175 F.3d at 399 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274 (1977)).

Defendants argue that Chanter Road Facility is designed and constructed for the detention of low risk inmates. (Docket no. 43 at 16-17). In keeping with this, jail policy provides that only "sentenced inmates with a record of good behavior" should be housed in the Chanter Road Facility. (Docket no. 43, EX 7 JO-30 ¶ A). "All parole holds will be housed at the Chanter Road Facility," unless a command officer makes a different determination. (Docket no. 43, Ex. 7 JO-30 ¶ B). Jail policy JO-30 provides that "[a]ny inmate that . . . argues with any member of the staff . . . will be immediately reassigned to the Wesley Street jail." (Docket no. 43, Ex. 7 JO-30 ¶ Q).

The evidence shows that on the day before he was transferred to the Wesley Street Facility Plaintiff became upset with Carrie Dashner, a mental health worker, because he could not get his medications. (Docket no. 43, Ex. 6). During his session with Dashner Plaintiff demanded to be put back on his medications from the V.A. hospital, accused her of not following up with the V.A. hospital, and "vented" about the jail nurse. (Docket no. 47, Ex. 26). He also made angry accusations against the medical staff. Dashner's attempts to calm the Plaintiff were unsuccessful. The record of the event states that the situation continued to escalate with Plaintiff becoming increasingly more angry and belligerent. Dashner ended the session after Plaintiff made a lunging movement over the table while pointing his finger at her and yelling in a threatening manner. (Docket no. 47, Ex. 26).

Jail staff was informed that Plaintiff was disorderly with Dashner and the following day Plaintiff was transferred to the Wesley Street Facility. (Docket no. 47, Ex. 13).

Defendants argue that Plaintiff was not suited for the Chanter Road Facility and that he was transferred for the purpose of maintaining security and order in the jail. (Docket no. 43 at 17). Plaintiff's threatening and argumentative behavior with respect to Dashner provides ample non-retaliatory reasons for his transfer. Accordingly, to the extent Plaintiff has raised a claim of retaliation against Defendant Carmoney or any other Defendant, his claim should be dismissed.

### 6. **John Doe Defendant**

On June 16, 2009 Plaintiff filed his Complaint against multiple Defendants. Plaintiff subsequently filed an Amended Complaint identifying a number of John Doe Defendants but failing to identify one John Doe Defendant. (Docket no. 20). Plaintiff describes the remaining John Doe Defendant in his Amended Complaint as an individual "who is in charge of transporting prisoners to medical appointments." (Docket no. 1, ¶ 9). No other factual allegations are made in Plaintiff's Amended Complaint which can be read to apply to this John Doe Defendant. Therefore, Plaintiff's claims against the John Doe Defendant are subject to dismissal under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

In addition, more than 120 days have passed without Plaintiff serving this Defendant. On January 20, 2010, the Court issued a show cause order concerning this service issue. (Docket no. 29). Plaintiff responded stating that the Defendants listed in his Amended Complaint have been served with notice. (Docket no. 33). He also filed a return of service for each of the Defendants named in his Amended Complaint, but failed to identify by name or show that he served the instant John Doe Defendant. (Docket no. 34).

There is no purpose in extending the time for identifying and serving the remaining John Doe Defendant because Plaintiff has failed to state a viable claim for relief against him. Therefore, the Court recommends dismissing the John Doe Defendant.

**7.     State Law Claims**

Along with his constitutional allegations, Plaintiff alleges "the torts of threatened assault and battery and negligence."  (Docket no. 20).  28 U.S.C. § 1367(c)(3) provides that the Court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has jurisdiction.  The Court recommends dismissal of Plaintiff's claims against Defendants Heyns, Carmoney, Walker, Wickham, Brittin and Kellenberger.  Therefore, pursuant to 28 U.S.C. § 1367(c)(3), this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims against these Defendants. *See Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.3d 1244, 1254-55 (6th Cir.1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.").

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated: January 18, 2011                    s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon William Short and Counsel of Record on this date.

Dated: January 18, 2011                    s/ Lisa C. Bartlett
                                           Case Manager