UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SHORT,

    Plaintiff,

v.

SHERIFF DAN HINES, SGT. WALKER,
LT. CARMONEY, OFFICER WICKHAM,
OFFICER BRITTIN, OFFICER WELTER,
OFFICER KELLENBERGER, RHONDA
SCHULTZ, NANCY YIRKU, JACKIE
COX, MICHAEL BURGESS,
COORDINATED CARE PLLC, and JOHN
DOE,

    Defendants.
                                  /

Case No. 09-12323

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 3, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On June 16, 2009, William Short ("Plaintiff"), a state prisoner currently incarcerated at the Florence Crane Correctional Facility, in Coldwater, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is a motion for dismissal and summary judgment filed by Defendants Heyns,[1] Walker, Carmoney, Wickham, Brittin,

---

[1] The Court notes that the case caption identifies Defendant Heyns as "Dan Hines."

and Kellenberger (collectively, "Defendants"). Also before the Court is Plaintiff's motion for summary judgment with respect to these Defendants.[2] The Court has referred this action to Magistrate Judge Mona K. Majzoub for all pretrial proceedings.

Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") on January 18, 2011, in which she recommends that this Court grant Defendants' motion to dismiss and for summary judgment, deny Plaintiff's motion for summary judgment, and dismiss Plaintiff's claims against the remaining John Doe defendant. Magistrate Judge Majzoub also recommends dismissal of the state law claims against these Defendants pursuant to 28 U.S.C. § 1367(c)(3) once the Court has dismissed the claims over which it has original jurisdiction. Plaintiff submitted objections to the R&R on January 28, 2011, and Defendants have not filed a response.

Plaintiff first objects to a statement in the R&R providing that he "was called over to see Nurse Yirku for intake purposes" upon arriving at the Chanter Road Facility. Plaintiff asserts that Yirku was a medical assistant at the time. The R&R adopted this statement from Plaintiff's Amended Complaint, *see* Am. Compl. ¶ 13, and in any case, Plaintiff has failed to establish that the distinction is relevant to the motions before this Court.

Plaintiff objects to Magistrate Judge Majzoub's statement that he has failed to allege personal involvement by Defendants Heyns, Carmoney, and Walker in his medical care

---

[2] Plaintiff's motion, filed on July 15, 2010, sought summary judgment against Defendants Heyns, Walker, Carmoney, Brittin, and Kellenberger. On September 13, 2010, Plaintiff moved to amend his motion to include the remaining named defendants. The motion to amend was granted with respect to Defendant Wickham, and denied as to the other defendants. *See* Docket No. 53.

2

and treatment. Without providing further detail, Plaintiff states that he has alleged the involvement of each of these Defendants "throughout the proceedings." The Court has carefully reviewed Plaintiff's Amended Complaint, and is unable to locate any allegations establishing the personal involvement of Defendants Heyns, Carmoney, and Walker in Plaintiff's medical care. Vicarious liability is inapplicable to § 1983 suits; a plaintiff must plead that each defendant violated the Constitution through his own actions. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1948 (2009). Because Plaintiff has failed to plead such action, the Court rejects his objection.

Plaintiff's next objection is that the R&R fails to note that he explained his medical needs to the booking officer at his initial screening. This would not establish deliberate indifference to a serious medical need. To be held liable for deliberate indifference, a defendant "must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994). Plaintiff may have explained his needs to the booking officer, but this does not demonstrate that Defendants were aware of those needs or perceived a substantial risk of serious harm to Plaintiff. Accordingly, the Court rejects Plaintiff's objection.

Plaintiff next objects to Magistrate Judge Majzoub's statement noting that Plaintiff submitted numerous "kite" requests for health care services. Plaintiff agrees that some "kites" were delivered to the health care staff, but argues that Defendants withheld others. Regardless, Plaintiff has failed to show that Defendants actually perceived a substantial risk of serious harm to him. Absent such a showing, Plaintiff's deliberate indifference

claim must be dismissed.

Plaintiff objects to what he concludes is a mischaracterization of his claim relating to the time he spent waiting to be booked. He argues that the issue is not the length of time before booking, but rather, the denial of prescription medications and adequate bedding during that time. Again, to prevail on his claim, Plaintiff must establish that Defendants were aware of a serious risk of harm. *See Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979. Plaintiff may have endured uncomfortable conditions while awaiting booking, but he has failed to show that Defendants were aware that these conditions posed a serious risk of harm to him. The Court therefore rejects Plaintiff's objection.

Plaintiff's next objection is that regardless of whether the jail offered indoor exercise facilities, he was unable to exercise due to his back pain. Plaintiff asserts that Defendants contributed to this through deliberate indifference to his medical needs. This argument merely recharacterizes Plaintiff's conditions of confinement claim as one of deliberate indifference, but the Court has already concluded that the deliberate indifference claim must be dismissed.

Finally, Plaintiff objects to Magistrate Judge Majzoub's recommendation that the Court dismiss the retaliation claim. Plaintiff contends that he was housed at the Chanter Road facility for two weeks without issue, and transferred to the higher-security Wesley Street facility only after threatening to file this lawsuit. Magistrate Judge Majzoub concluded that the timing of the transfer was sufficient to give rise to an inference of retaliatory motive. *See* R&R 15. Establishing such motive, however, merely shifts the burden of production to the defendant. *Thaddeus-X v. Blatter*, 175 F.3d 379, 399 (6th Cir.

4

1999). "If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Id.* The evidence shows that Plaintiff became angry and belligerent in his encounter with Carrie Dashner. *See* Pl.'s Br. Ex. 26. Defendants have established that inmates at the Chanter Road facility who do not follow orders are to be immediately transferred to the Wesley Street facility. Defs.' Br. Ex. 7 ¶ Q. Having demonstrated that Plaintiff would have been transferred regardless of his threat to sue, Defendants are entitled to summary judgment.

For the reasons stated above, the Court concurs with the conclusions reached by Magistrate Judge Majzoub and rejects Plaintiff's objections to the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' Motion for Dismissal and Summary Judgment is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant John Doe are **DISMISSED** pursuant to 28 U.S.C. § 1915A and Federal Rule of Civil Procedure 4(m).

                                                       s/PATRICK J. DUGGAN
                                                       UNITED STATES DISTRICT JUDGE

Copies to:

Jason D. Kolkema, Esq.
Patrick A. Aseltyne, Esq.
Magistrate Judge Mona K. Majzoub

William Short, #195405
Florence Crane Correctional Facility

38 Fourth Street
Coldwater, MI 49036