UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SHORT,

    Plaintiff,

v.

SHERIFF DAN HINES, SGT. WALKER,
LT. CARMONEY, OFFICER WICKHAM,
OFFICER BRITTIN, OFFICER WELTER,
OFFICER KELLENBERGER, RHONDA
SCHULTZ, NANCY YIRKU, JACKIE
COX, MICHAEL BURGESS, CARRIE
DASH, COORDINATED CARE PLLC, and
JOHN DOE,

    Defendants.
_____/

Case No. 09-12323

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 22, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

On June 16, 2009, William Short ("Plaintiff"), at that time a state prisoner confined at the Carson City Correctional Facility, in Carson City, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Defendants Rhonda Schultz, Nancy Yirku, Jackie Cox, Michael Burgess, and Coordinated Care PLLC (collectively, "Defendants") have now moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, and this motion is presently before the Court. Also before the Court is Plaintiff's motion

to stay these proceedings until he is released on parole. The Court has referred this action to Magistrate Judge Mona K. Majzoub for all pretrial proceedings.

On October 7, 2011, Magistrate Judge Majzoub filed a Report and Recommendation ("R&R"), recommending that this Court grant Defendants' motion for summary judgment. Magistrate Judge Majzoub concludes that Plaintiff has satisfied the objective component of his claim of deliberate indifference to a serious medical need, as he has established that he was prescribed medications to treat his various conditions. Magistrate Judge Majzoub concludes, however, that Plaintiff has failed to satisfy the subjective component of his claim, as he has not presented evidence indicating that Defendants: (1) perceived facts from which they could infer a substantial risk to Plaintiff's health; (2) drew that inference; and (3) disregarded the risk to Plaintiff. Magistrate Judge Majzoub notes that the medical records provided by Defendants demonstrate attention to Plaintiff's medical needs, even though Defendants did not provide Plaintiff with the treatment he desired. Because Magistrate Judge Majzoub recommends granting Defendants' motion for summary judgment, she concludes that Plaintiff's motion to stay these proceedings should be denied as moot.[1]

At the conclusion of the R&R, Magistrate Judge Majzoub advises the parties that they may object and seek review of the R&R within ten days of service upon them. R&R 12. She further advises that "[f]ailure to file specific objections constitutes a waiver of any

---

[1] The Court also notes a second reason for denying Plaintiff's motion as moot. According to records maintained by the Michigan Department of Corrections, Plaintiff was released on parole on October 6, 2011.

further right of appeal." *Id.* (citing *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)). No objections to the R&R have been filed.

The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Majzoub.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment is **GRANTED**.

                                    s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copies to:

William Short
541 Wildwood Avenue #307
Jackson, MI 49201

Clyde M. Metzger, Esq.
Judith A. Sherman, Esq.
Saulius D. Polteraitis, Esq.
Magistrate Judge Mona K. Majzoub